MINNIE DAHL, Respondent, *v.* SAMUEL LEVENBERG, Appellant.

### *Parties — defendants.*

Appeal by the defendant, Samuel Levenberg, from an order of the County Court of Kings county, entered in the Kings county clerk's office on the 20th day of August, 1915, granting an interlocutory judgment overruling his demurrer to the complaint.

PER CURIAM: No final judgment has been entered, but if, in view of the stipulation of the parties, the order may be deemed such, it should be reversed, without costs, and the demurrer sustained, with leave to plead over on payment of costs. There should be united as plaintiffs all the owners of the mortgage, including the personal representatives of any who may have died. If the consent of any one of such persons cannot be obtained he may be made a defendant, " the reason therefor being stated in the complaint."* The complaint is also defective on account of the failure to observe the requirement of section 1629 of the Code of Civil Procedure. Jenks, P. J., Thomas, Carr, Mills and Rich, JJ., concurred.

Order of the County Court of Kings county reversed, without costs, and demurrer sustained, with leave to plead over on payment of costs.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CONEY ISLAND JOCKEY CLUB, Respondent, *v.* LAWSON PURDY and Others, Commissioners of Taxes, Appellants.

### *Certiorari — tax assessment.*

Appeal from part of an order of the Supreme Court, entered in the Kings county clerk's office on the 25th day of May, 1915.

Order in so far as appealed from affirmed, with ten dollars costs and disbursements, on the opinion of Mr. Justice Kelby at Special Term. Jenks, P. J., Thomas, Carr, Mills and Rich, JJ., concurred.

The following is the opinion handed down at Special Term:

KELBY, J.: Certiorari to review the tax assessment for 1913 of various parcels in the old town of Gravesend upon the grievance of overvaluation. As in the proceeding to review the assessment for the year 1912 the question narrowed to the 335 acres formerly used as a race track and described as block 7405, lot No. 1. It has been finally settled since the return was made that the assessment in substantially similar amount for the preced-ing year was excessive. (*People ex rel. Coney Island Jockey Club* v. *Purdy,* 213 N. Y. 652.) The respondents do not concede and the return does not show that upon grievance day the relator offered the same testimony as in the previous year, and it is asserted that the return concludes the court. Such is not the law. The quotation given from the opinion in *People ex rel. Manhattan R. Co.* v. *Barker* (152 N. Y. 417, 438) had reference, not to

---

* See Code Civ. Proc. § 448.— [REP.

any finality inherent in the return, but to the finality imparted to the return by reason of facts affirmed unanimously by the Appellate Division. This is too clear to have been mistaken. The testimony of Mr. Reed that he offered the same proof is uncontradicted. It is not contended by the relator, as respondents seem to think, that assessors are inflexibly bound to make the same assessment as they made or should have made in a preceding year. The force upon the assessors' subsequent action of an adjudication as to values depends upon the question of an increase of value meantime. If none, then the adjudication is binding and conclusive. Whether if, upon certiorari, it is incumbent upon the assessors to show that there has been a change and whether they do not fully meet that burden by invoking the presumption of official correctness are not actually in this case material subjects of inquiry. On the whole case it is established to my satisfaction that the value on October 1, 1912, was the same as on October 1, 1911. In both years the property was an idle and profitless race track, and it was admitted by the city's expert witness that there had been practically no change in the surrounding physical circumstances and conditions. The negotiations begun by option in May, 1914, and resting in contract in March, 1915, do not to my mind throw much light backward upon the values of October 1, 1912. If consummated, the property is to be taken over by a "speedway" company, with payment up to ninety per cent, to be made by a purchase-money mortgage. This indicates a speculative, even an adventurous sale. I find upon the whole case that, in respect to the large parcel referred to, the assessment should be reduced to $1,592,170, with costs to the relator.

John Andriuszis, Respondent, v. Philadelphia and Reading Coal and Iron Company, Appellant.— Motions denied, without costs. Present— Jenks, P. J., Thomas, Stapleton, Mills and Putnam, JJ.

George Bagdon, Appellant, v. Philadelphia and Reading Coal and Iron Company, Respondent.— Motion granted. The question certified is: "Should service of the summons in this action upon the defendant be set aside?" Present —Jenks, P. J., Thomas, Stapleton, Mills and Putnam, JJ.

Theodore Baker and Others, Appellants, v. Emma H. Griffith and Charles E. Griffith, Respondents.— Motion granted and case set down for Friday, January 14, 1916. Present—Jenks, P. J., Thomas, Stapleton, Mills and Putnam, JJ.